UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CANTON,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. FOODS, INC.,<br><br>    Defendant. | Case No. 22-cv-04226-TLT   (LJC)<br><br>**ORDER REGARDING JOINT STATEMENT OF DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 35 |

Pending before the Court is the parties' Joint Statement of Discovery Dispute. Dkt. 35. The parties have been unable to resolve their dispute regarding subpoenas that Defendant U.S. Foods, Inc. (US Foods) issued to Plaintiff Brian Canton's medical providers on March 10, 2023, seeking Mr. Canton's medical records. Id. In the Joint Statement, Plaintiff indicates his intention to file a motion to quash the subpoenas. Id. US Foods argues that Plaintiff has no standing to seek to quash subpoenas issued to someone who is not a party to the action, because he has not claimed that the medical records US Foods seeks are related to any privileged information. Id.

As an initial matter, the Court finds that Plaintiff has standing to seek to quash the subpoenas at issue here. "As a general rule, a party does not have standing to quash a subpoena issued to a non-party." Knoll, Inc. v. Moderno, Inc., No. C 12-80193-MISC SI, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012). "However, a party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed." Id. Mr. Canton has a right to privacy as to his medical records under both the federal and California constitutions. See E.E.O.C. v. Serramonte, 237 F.R.D. 220, 223 (N.D. Cal. 2006); Anderson v. Clawson, No. C 13-0307 LHK (PR), 2014 WL 3725856, at *2 (N.D. Cal. July 25, 2014) ("A party enjoys privacy rights in his medical records in general.")

Separate and apart from the issue of standing, the parties disagree as to the merits of Plaintiff's objections to the subpoenas and the relevance of all the medical records sought by US Foods. Dkt. 35. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 45(d)(3)(A)(iii), the court may quash a subpoena that "requires disclosure of privileged or other protected matter, *if no exception or waiver applies*." (emphasis added). When it comes to medical records, a party waives their privacy rights "if the party puts their contents at issue in a case," although any waiver is "limited to the private information that is relevant to the lawsuit." Anderson, 2014 WL 3725856, at *2 (internal citation omitted).

The parties are ordered to submit supplemental briefing as to whether the Court should quash the subpoenas issued by US Foods under Fed. R. Civ. P. 45(d)(3)(A)(iii) based on Plaintiff's objections. In doing so, the parties are to address the question of whether Plaintiff has waived his privacy rights as to all medical records sought by US Foods. The parties should specify the nature and type of medical records maintained by each of the medical providers subpoenaed and explain how they are or are not relevant to their claims or defenses under Fed. R. Civ. P. 26(b)(1). Plaintiff and US Foods shall file simultaneous letter briefs of no more than three pages by April 20, 2023. A hearing on this matter will be held on April 25, 2023, at 1:30 p.m. via Zoom videoconferencing.

**IT IS SO ORDERED.**

Dated: April 13, 2023

LISA J. CISNEROS
United States Magistrate Judge