UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CANTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. FOODS, INC.,<br><br>　　　　Defendant. | Case No.  22-cv-04226-TLT   (LJC)<br><br>**ORDER RE: JOINT STATEMENT OF DISCOVERY DISPUTE; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO TAKE ADDITIONAL DEPOSITIONS**<br><br>Re: ECF No. 60 |

Now before the Court is the parties' Joint Statement of Dispute Regarding Plaintiff Taking the Allotted 10 Depositions and Exceeding 10 Depositions Pursuant to FRCP 30 (Joint Statement of Dispute). ECF No. 60. The Court finds that the dispute is appropriate for determination without oral argument. See Civil L.R. 7-1(b).

The Court has previously described the substance of this action (ECF No. 48 at 1-2[1]), and the allegations are summarized as follows. Plaintiff Brian Canton is a Black man who was employed by Defendant US Foods, Inc. (US Foods) for nearly two decades. ECF No. 21 (First Amended Complaint, or FAC) ¶ 2. Plaintiff now alleges that US Foods had a pattern and practice of promoting less qualified White employees over its Black employees, and in response to his complaints to upper management and human resources, the company retaliated against him by denying him a promotion and constructively terminating him. Id. ¶¶ 2-3.

**I.    PLAINTIFF'S TEN ALLOTED DEPOSITIONS UNDER RULE 30(a)(1)**

Despite what US Foods implies in the parties' Joint Statement of Dispute (ECF No. 60 at 4), Plaintiff's deposition of an additional person most knowledgeable (PMK) witness regarding

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

1  US Foods' EEO-1 reports and Affirmative Action data is not a separate deposition from the prior
2  PMK deposition.  Plaintiff's PMK notice, dated November 17, 2022, included these two topics
3  (ECF No. 61-1 at 46), he never amended the deposition topics (ECF No. 60 at 3), and the record
4  does not indicate that they were part of a second notice under Federal Rule of Civil Procedure
5  30(b)(6).

6        The deposition of a corporation or other business entity under Rule 30(b)(6) is treated as a
7  single deposition, although the entity may designate several persons to testify on its behalf.  See
8  Adv. Comm. Notes on 1993 Amendments to Rule 30(a)(2)(A)) ("A deposition under Rule
9  30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than
10 one person may be designated to testify.")  Defendant has not asserted that Plaintiff ever issued a
11 second PMK deposition notice.  Therefore, Plaintiff has another deposition available to him
12 without the need to seek leave of court under Rule 30(a)(1).  Plaintiff wishes to depose Jesus
13 Lopez, who allegedly has knowledge of US Foods' workplace culture and Plaintiff's promotion
14 opportunities.  ECF No. 61-1 at 5.  Lopez has apparently not filed a workplace complaint himself.
15 ECF No. 60 at 6.  That said, Lopez has experiences as a non-White employee who was potentially
16 eligible for promotion, but not ultimately promoted.  US Foods argues that Lopez is not a relevant
17 witness who can provide any further information to support Plaintiff's claims.  Id.  To the extent
18 US Foods is making a Rule 26(b)(1) objection, that objection is overruled.

19 **II.  ADDITIONAL DEPOSITIONS UNDER RULE 30(a)(2)(A)(i)**

20       Because the two PMK depositions are treated as a single deposition, Plaintiff's request is
21 for an additional four depositions beyond the maximum of ten depositions allowed under Rule
22 30(a)(2)(A)(i).  Plaintiff seeks to depose Brian Pinks, Chris Salinas, Irving Navarro, and Phil
23 Collins.

24       "Pursuant to Rule 30 of the Federal Rules of Civil Procedure a party wishing to take more
25 than ten depositions without consent of other parties must obtain leave from the Court to proceed."
26 Vietnam Veterans of Am. v. C.I.A., No. 09-CV-0037 CW JSC, 2011 WL 5600515, at *1 (N.D.
27 Cal. Nov. 17, 2011) (citing Fed. R. Civ. P. 30(a)(2)).  Generally, courts do not grant leave for a
28 party to take additional depositions until the moving party has exhausted the ten–deposition limit

1  imposed by Rule 30(a)(2), though the exhaustion requirement may be excused due to the number
2  of parties or the complexities in a case. Century Aluminum Co. v. AGCS Marine Ins. Co., No. 11-
3  CV-02514 YGR NC, 2012 WL 2357446, at *2 (N.D. Cal. June 14, 2012).  A party seeking to
4  exceed Rule 30(a)(2)'s presumptive ten-witness "limit bears the burden of making a
5  'particularized showing' of the need for additional depositions." X One, Inc. v. Uber Techs., Inc.,
6  No. 16CV06050LHKSVK, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019) (quoting
7  Thykkuttathil v. Keese, 294 F.R.D. 597, 600 (W.D. Wash. 2013)).  "Pursuant to Rule 26(b)(2)(C),
8  courts have found it proper to deny additional depositions where they would be cumulative,
9  without proper purpose, e.g., there is no evidence they would reveal anything other than what a
10 party had already obtained, the party had ample opportunity to obtain the information by discovery
11 in the action, or they would create an unreasonable burden or expense." Rounds v. Bd. of Trustees
12 of California State Univ., No. 1:20-cv-00170-AWI-SAB, 2022 WL 17978501, at *2 (E.D. Cal.
13 Dec. 28, 2022).

14 Here, the parties are near the close of discovery.  ECF No. 60 at 4.  Thus far in August,
15 Plaintiff has deposed or scheduled for deposition witnesses who allegedly participated in the
16 discrimination and retaliation against him (Dan Geissbuhler, Chad Wise, Rob West), have
17 knowledge of US Foods' policies, practices, and operations (Joseph Rhodes), knowledge of his or
18 other similar complaints (Ron Tolbert, Matthew Serio, Mary Jo Yi), knowledge Plaintiff's work
19 performance (Jill Day), and one witness with knowledge of US Foods' workplace culture (Lance
20 Crawford).  See ECF No. 61-1 at 3-5, 11-13; No. 60 at 3-4.  There is no indication in the record
21 that these depositions were superfluous.  See Rounds, 2022 WL 17978501, at *2 (analyzing the
22 first ten depositions to avoid rewarding a party for taking unnecessary depositions early during
23 discovery).

24 The Court further considers each proposed deponent to determine whether Plaintiff has
25 established a particularized need for the additional depositions or whether they would be
26 cumulative.

27     **A.**    **Brian Pinks**
28 As an initial matter, Brian Pinks was the recruiter assigned to posting and closing the 2021

3

1    warehouse manager position that Plaintiff applied for and did not receive.  ECF No. 60 at 5.  Brian
2    Pinks has direct knowledge of the circumstances leading up to the disputed promotion decision.
3    Accordingly, Plaintiff has demonstrated relevancy under Rule 26(b)(1) for purposes of seeking
4    discovery, and US Foods has not demonstrated that producing Pinks would be burdensome,
5    cumulative, or disproportionate to the needs of this case.  Plaintiff's request for leave to depose
6    Pinks is **GRANTED**.

**B.    Chris Salinas, Irving Navarro, and Phill Collins**

Next, the Court turns to the request to depose Salinas, Navarro, and Collins, who all have knowledge concerning US Foods' workplace culture.  In his initial disclosures, Plaintiff identified 24 witnesses in total.  ECF No. 61-1 at 3-5.  Plaintiff listed 12 witnesses who had knowledge of US Foods' workplace culture, including Salinas.  Id. at 5.  Plaintiff later served supplemental disclosures adding three additional witnesses on this topic, including Irving Navarro.  Id. at 19.

Plaintiff seeks to depose three individuals who have knowledge of US Foods' workplace culture, a smaller subset of the 15 witnesses earlier identified as having such information.  Plaintiff has deposed or scheduled the deposition of two such individuals—Jill Day and Lance Crawford.  ECF No. 60 at 4.  Jill Day holds a senior management position in human resources, and previously served as the Area Human Resources Business Partner at US Foods' Livermore Facility.  ECF No. 61-1 at 12.  Crawford's position is unclear.  Because Plaintiff has taken limited discovery with respect to this topic, the request for additional witnesses would not be unreasonably cumulative pursuant to Rule 26(b)(2).

Moreover, Plaintiff has asserted specific reasons why Salinas and Navarro are needed for deposition.  Salinas and Navarro are both comparators, and they appear to have contemporaneous knowledge of US Foods' organizational culture.  ECF No. 60 at 5.  They have also filed workplace complaints, although Salinas's complaint dates back to the early 2000s.  Id. at 6.  Plaintiff has alleged a pattern and practice of discrimination, and these two additional witnesses have information regarding the corporate culture at US Foods both at the time of the promotion denials and during the preceding years.  If the Court were to limit Plaintiff to deposing Day and Crawford, it would unreasonably restrict discovery regarding US Foods' workplace culture.

4

Understandably, more than two witnesses are required to establish a pattern in workplace practices and culture. The discrimination claims alleging the denial of promotion reasonably entail an inquiry into the intent and attitude of the involved decision-makers, and workplace culture can reveal the prevailing attitude of key individuals. Thus, Plaintiff has established that these individuals have relevant information, their testimony is proportionate to the needs of the case, and there is a particularized need for their testimony.

Collins, on the other hand, has been retired since 2016. As a result, Collin's employment with US Foods is attenuated from the promotion decision at issue in this case and the contemporaneous workplace culture. Plaintiff's request to depose Collins is **DENIED**.

### III.  CONCLUSION

Plaintiff's request for leave to conduct four additional depositions is **GRANTED**. Plaintiff's request to depose Brian Pinks, Chris Salinas, and Irving Navarro is **GRANTED**, but his request to depose Phil Collins is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 24, 2023

LISA J. CISNEROS
United States Magistrate Judge